**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAYNELL HINTON | * | |
| 6926 Decatur Place | * | |
| Hyattsville, MD 20784 | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| MCKISSACK & MCKISSACK OF WASHINGTON P.C. | * | |
| 901 K Street, 6th Floor | * | |
| Washington, DC 20001 | * | |
| | * | |
| SERVE RESIDENT AGENT: | * | |
| DERYL MCKISSACK, PE, PMP | * | |
| 901 K Street, 6th Floor | * | |
| Washington, DC 20001 | * | |
| | * | |
| DEFENDANT. | * | |

*******************************************************************************

## COMPLAINT

Plaintiff Raynell Hinton ("Hinton" or "Plaintiff"), by and through undersigned counsel, hereby files her Complaint against Defendant McKissack & McKissack of Washington P.C. ("McKissack" or "Defendant"), to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); for unpaid overtime wages, and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and for unpaid wages, liquidated damages, interest, reasonable attorney's fees, and costs under the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1.     Hinton is an adult resident of the State of Maryland.  By authorizing her attorneys to file this action, Hinton has consented to participate as a Plaintiff in an FLSA action.

2.     Defendant is a corporation formed, on information and belief, under the laws of the District of Columbia with its principal place of business in Washington, District of Columbia.

3.     At all times relevant to this action, Defendant operated continuously in the District of Columbia.  Defendant is an architectural firm.

4.     At all times relevant to this action, Defendant was an enterprise engaged in interstate commerce within the meaning of the FLSA.

5.     At all times relevant to this action, Defendant had annual revenues in excess of $500,000.

6.     At all times relevant to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA, DCMWA, and DCWPCL.

7.     This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

8.     Plaintiff was employed by Defendant from approximately July 2019 until July 2020 as a "Help Desk Analyst."  Plaintiff's job entailed providing help desk support services to Defendant's employees for an array of computer-related equipment and issues.  Plaintiff was the only Help Desk Analyst employed by Defendant during her employment there.  She was

responsible for computer issues regarding approximately 100-125 employees. Specifically, Plaintiff's duties included the following:

- Onboarding new staff
- Offboarding cessation users
- Repairing or calling manufacturer for repairs of devices
- Updating software when needed
- Obtaining property disbursement forms for equipment issued or returned
- Managing the distribution of cellphones, laptops, desktops, printers, monitors, keyboard, mouse devices, and hotspot devices
- Responding to Connectwise service desk requests as well as creating tickets for issues set via email or chat
- Researching solutions from internal databases, vendor websites, and online sources
- Attending 8:30 a.m. daily team meetings with manager to discuss open tickets
- Creating tickets for hardware and software vendors
- Assisting IT Department to assist company staff onsite with access to resources
- Updating training manuals
- Creating images to apply to new and returned device for distribution
- Running diagnostics to illuminate issues

9.      Defendant paid Plaintiff on a salary basis. Plaintiff's salary was approximately $67,000 per year during her employment with Defendant. At all times throughout her employment, Defendant paid Plaintiff her salary in consideration for a forty (40) hour work week.

10.      In addition to her regular day time hours, Plaintiff was required to perform "on call" duties. Her "on call" responsibilities required Plaintiff to be available for troubleshooting and handling emergencies after business hours Monday through Friday.

11.      Throughout her employment with Defendant, Plaintiff typically and customarily worked well in excess of forty (40) hours per week, on average.

12.      At all times relevant, Defendant had knowledge that Plaintiff typically worked well in excess of forty (40) hours per week, on average, or suffered or permitted Plaintiff to work such hours.

13.     At no time did Plaintiff perform work that meets the definition of "exempt" work under the DCMWA or FLSA.

14.     Defendant's failure to pay Plaintiff as required by the DCMWA, DCWPCL, and FLSA was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

15.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-14 above, as if each were set forth herein.

16.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

17.     Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was her "employer" under FLSA, 29 U.S.C. § 207(a)(2).

18.     Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

19.     As set forth above, while in Defendant's employ, Plaintiff worked many overtime hours, for which she received no compensation.

20.     As set forth above, while Plaintiff was in Defendant's employ, Defendant failed and refused to compensate Plaintiff at the FLSA-required overtime rate equal to one-and-one-half (1½) times her regularly hourly rate for overtime hours worked.

21.     Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

<u>**COUNT II**</u>
**Violation of DC Minimum Wage Act Revision Act of 1992**

22.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-21 above, as if each were set forth herein.

23.     Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCMWA.

24.     As Plaintiff's "employer," Defendant was obligated under the DCMWA to pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40).

25.     While in Defendant's employ, Plaintiff worked many overtime hours but was not compensated by Defendant for those overtime hours worked.

26.     Overtime pay is due and owing to Plaintiff under the DCMWA.

27.     Defendant's failure to pay Plaintiff for overtime hours worked as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II for unpaid overtime wages in such amounts as are proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## <u>COUNT III</u>
### Violation of DC Wage Payment and Collection Law

28.      Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-27 above, as if each were set forth herein.

29.      Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCWPCL.

30.      The DCWPCL requires timely payment by employers to employees of all wages due and owing or as otherwise required by contract, District of Columbia law, or Federal law. Under the DCWPCL, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages due for worked performed by Plaintiff.

31.      As set forth above, Plaintiff performed work duties for Defendant for which Defendant failed and refused to pay Plaintiff all wages due and owing for work performed. Specifically, Defendant failed to pay Plaintiff overtime wages due for overtime hours worked.

32.      Defendant owes Plaintiff back overtime wages for services performed for which Defendant has failed and refused to pay Plaintiff, as required by law.

WHEREFORE, Defendant is liable to Plaintiff under Count III for all unpaid overtime wages in such amounts as are proven at trial, plus liquidated damages equal to three times (3x) the unpaid wages, interest (both pre- and post- judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar Number: 367362
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: pzipin@zagfirm.com

*Counsel for Plaintiff*

7